*G-HOLSON, J.,
delivered the opinion of the court. The motion of the prisoner which the court overruled, was a motion “to quash the whole indictment, and each count thereof.” Construing the motion in such manner as to give to all its parts their full and fair meaning, we deem it, not as a motion or as only equivalent to a motion to quash generally, but that it embraced a motion to quash each of the counts of the said indictment, singly and separately. . And so viewing it, this court is of opinion, that the circuit superior court erred in wholly overruling it. The prisoner had been examined by the county court, and sent on to be tried of and concerning the offence of having feloni-ously forged the order in writing set out in the indictment, and for that offence only. But he was arraigned in the circuit superior court on an indictment, which not only contained four counts for forging the order, but also three other counts charging him with having uttered and published it as true &c. The last three counts were “improperly inserted in the indictment: they charged, not degrees of the same offence charged in the preceding counts, but (according to the decision of this court in Page’s case, *9 Leigh 683), a distinct substantive crime. Being a distinct crime, the circuit superior court had no jurisdiction to try the prisoner therefor, until he had been regularly examined by the county court, and sent on to the circuit superior court to be tried for it according to law, M’Caul’s case, 1 Virg. Ca. 271, 300 ; Mabry’s case, 2 Id. 396 ; Huffman’s case, 6 Rand. 685, but the three counts being improperly contained in the indictment, the motion of the prisoner’s counsel to quash each one of them was legal and in order, Com’th v. Cohen, 2 Va. Ca. 231, and ought to have been sustained.
*743 It is then proper that we should reverse the judgment of the court below, which overruled the prisoner’s motion. But what more ? Shall we > arrest the judgment and direct a new trial ? — or shall we sustain the verdict of the jury, because it was general, and the indictment contained some good counts ? This is a question not entirely free from difficulty. The english rule is broad and general, that one good count in an indictment is sufficient to sustain a general verdict of guilty, however defective the others may be. The soundness of this rule we do not question, — and we deem it to be the law of V irginia as well as Bngland : but we do not think it applicable to the case now under consideration, nor indeed to many cases of general verdicts which may arise under our criminal laws. In JBngland, it is always true and always applicable, because there juries in criminal cases never do more than find the guilt or innocence of the accused, and the nature and quantum of the punishment are fixed by law or confided to the courts. In Virginia, it is always applicable and always true, except in certain cases where the funciions of juries in criminal cases have been extended and enlarged by statute; or, in other words, whenever the province of a jury in Virginia is the same as it would be in a like case in Dngland, the same rule is *applicable here as there. But owing to several causes-, especially the introduction of the penitentiary system, we have, in relation to a large class of crimes, considerably enlarged the powers and duties of juries in criminal cases, and clothed them with functions entirely unknown to the english law. Thus, in the trial of nearly all offences punishable with imprisonment, we have required our juries not only to say whether the accused be guilty or not guilty, but, if guilty, to say also what shall be the quantum of punishment. Such verdicts as these are clearly not those general verdicts of guilty merely, contemplated by the english law, and to which the rule now under consideration was intended to apply. The rule is sound and philosophical when applied to verdicts limited to the simple issue of guilty or not guilty ; because it cannot by possibility operate in such case to the injury of the accused. A general verdict of guilty declares the accused guilty of each and every count in the indictment, and if all were quashed but one, the verdict would still be the same, guilty, and no more. A discovery of defective counts, or a misjoinder of counts, might change the judgment of the court, but it could not affect the verdict of the jury, Bar different, however, would be the operation of the rule on those general verdicts under our law, which not only declare the guilt but ascertain the punishment of the accused. They find the prisoner guilty on all the counts of the indictment, and declare generally that he shall suffer imprisonment for so many years. Who shall say how they proportioned the punishment to the various offences ? We cannot charg'e them with the folly or injustice of having" punished some of the offences and pardoned others, after having found the prisoner equally guilty of all. How shall this court measure or estimate the verdict of the jury in the case of Mowbray ? It fixed his term of imprisonment at three years : did the jury intend to confine him two years for *the forgery, and one year for the uttering the forged order, or vice versa ? or did they intend to punish one offence and pardon the other ? if so, which ? But if the english rule, which we are now considering, be applicable to this case and others like it, we are bound to apply the entire finding of the jury to four out of the seven charges contained in the indictment, and to visit upon four offences a quantum of punishment which the jury themselves declared they intended to inflict on seven. Ray, had the jury doubled or trebled the amount of punishment, arid we should decide to quash every count of the indictment but one, the whole punishment would have to be visited on the isolated offence left, though it was the least, and though we might know from the declaration of every juryman, that but a trivial portion of the punishment was intended for it. But to place this question beyond doubt, let us suppose the jury in this case to have transcended the maximum punishment prescribed by law for the crime of forgery : can it be conceived that we would sustain the verdict after having stricken from the indictment the charge of every other offence whatever ? And yet, if the distinction we have taken above be not correct, the english doctrine would apply in all its force, for there would stand the general verdict of guilty, and the one good count in the indictment.
For these reasons, we are satisfied that the rule does not apply to cases in which the jury is required not only to pass on the guilt of the accused, but also to ascertain the amount of the punishment; and where, from the finding, it cannot be known in what manner the jury intended to apportion the punishment.
It is therefore the opinion of this court, that the circuit superior court erred in refusing to quash the last three counts of the indictment, and that as that error probably affected the verdict of the jury, the judgment on the verdict ought to be arrested.